**Linda ELLIS, Individually and As Mother and next friend of Corey Ellis, a minor, Appellants,**

v.

**BROWNING PONTIAC–CHEVROLET–GMC TRUCK–GEO, INC., Appellee.**

No. 2000–CA–002772–MR.

Court of Appeals of Kentucky.

July 25, 2003.

Discretionary Review Denied by Supreme Court Feb. 11, 2004.

---

**38.** *See Regional Jail Authority v. Tackett,* Ky., 770 S.W.2d 225 (1989); and *Swatzell v. Commonwealth,* Ky., 962 S.W.2d 866 (1998).

Matthew W. Stein, Nutt Law Office, Louisville, KY, for Appellants.

J. Clarke Keller, Stites & Harbison, Lexington, KY, for Appellee.

Before EMBERTON, Chief Judge; BARBER and KNOPF, Judges.

## OPINION

EMBERTON, Chief Judge.

This case arises from an automobile accident that occurred on November 1, 1998, in which Corey Ellis was injured. Ricky Perryman, Jr., the driver of the truck that collided with the vehicle in which Ellis was a passenger, purchased the truck from Browning Pontiac on September 28, 1998. After presenting proof of insurance to Browning, Perryman was given possession of the truck and advised that Browning Pontiac would transfer title; the title, however, was not transferred until November 2, 1998, thirty-nine days after Perryman took possession. The trial court found Perryman to be the owner of the vehicle for insurance purposes. On appeal, we held that although our titling statutes permit a dealer to obtain proof of insurance from the purchaser then deliver the titling documents to the clerk, the lapse of time between the dealer obtaining possession of the documents and delivery to the clerk was not sufficiently prompt; therefore, Browning Pontiac was deemed the owner of the vehicle on the date of the accident.

Browning Pontiac filed a motion for discretionary review with the Supreme Court. After rendering its opinion in *Auto Acceptance Corporation v. T.I.G. Insurance Company*,[1] the Supreme Court vacated this court's opinion and remanded the case to us for further consideration in light of *Auto Acceptance, supra.* We have done so and reach the same result.

*Auto Acceptance* involved the issue of when title to a motor vehicle passes from a commercial dealer to a purchaser. In that case, the purchaser executed a retail sales contract for purchase and a Kentucky application for title and registration on January 21, 1997. At that time, the purchaser offered proof of insurance and the dealer agreed to present the documents necessary to transfer title. The certificate of title from the previous owner of the vehicle was not received until January 30, 1997, and the documents were not presented until February 4, 1997. The accident had occurred on January 22, 1997. Recognizing the 1994 revision to KRS[2] 186A.220, the court held that Auto Acceptance was not the legal owner of the vehicle merely

---

1. Ky., 89 S.W.3d 398 (2002).

2. Kentucky Revised Statutes.

because title had not been transferred. If the dealer verifies that the buyer is insured, the dealer may agree to title the vehicle after relinquishing control to the purchaser.

Although *Auto Acceptance* was decided after our decision in this case, the language in this court's opinion mirrors that employed by the Supreme Court. We also recognized the 1994 revisions to KRS 186A.220(5) and the exception created for commercial dealers to retain title to the vehicle but not possession. As we expressly stated, the statute contemplates the custom of a dealer to take the applicable title documents to the county clerk and gives the dealer the option of either delivering the documents or giving them to the purchaser for delivery. Thus, we deem our opinion consistent with the Supreme Court's holding in *Auto Acceptance*.

Ultimately in this case, we held the dealer to be the owner, not because of its possession of the title documents, but because it did not promptly and with due diligence deliver the necessary documents to the county clerk. In *Auto Acceptance* the dealer did not have the documents until nine days after the sale and four days later presented the documents to the county clerk. The promptness issue was not discussed. In our prior opinion in this case we concisely stated that the issue is whether dealers who retain the certificate of title are required to "promptly" transfer title to avoid being deemed the owner for insurance purposes. We held that the promptness requirement of KRS 186A.215(3) applied to all transfers including those covered by KRS 186A.220. A delay of thirty-nine days, for no stated reason, was deemed not prompt and Browning Pontiac was held to be the owner. We specifically noted that unjustified delays in transferring title could potentially result in uninsured drivers on our roadways. Those who presented proof of insurance at the time of purchase may become uninsured during the delay in transfer of title.

We have, as directed by the Supreme Court, again reviewed this case and find that our prior result is not contrary to the result reached in *Auto Acceptance, supra*. Under KRS 186A.220, Browning could relinquish possession of the vehicle before taking the necessary title transfer documents to the county clerk. However, to comply with the language and intent of the entire titling scheme, it was required to use due diligence in making a prompt transfer. Having failed to do so, Browning is deemed the owner of the vehicle on the date of the accident.

The judgment of the Henry Circuit Court is reversed and the case remanded for further proceedings.

BARBER, Judge, concurs.

KNOPF, Judge, concurs with separate opinion.

KNOPF, Judge, concurring.

I fully concur in the reasoning and the result of the majority opinion. I write separately to add that much of the confusion arises from the unclear wording of the 1994 amendment to KRS 186A.220(5). Under KRS 186A.215, an automobile owner who transfers his interest in a vehicle must execute to the buyer an assignment and warranty of title on the certificate of title. The seller must also execute an application for transfer of title, and deliver it to the buyer. At that point, the buyer has the duty to submit the application and certificate of title to the county clerk. However, once the seller turns over the executed certificate of title and application, the buyer becomes the owner of the vehicle and is responsible for insurance coverage.

As pointed out in *Auto Acceptance Corporation v. T.I.G. Insurance Company*,[3] the 1994 amendment to KRS 186A.220(5) creates an exception to this rule. Under this statute, the buyer may become the owner of the vehicle for insurance purposes even though the dealer has retained the title documents or has not yet received the title document. "But a car dealer can only take advantage of the exception by first verifying that the buyer has a valid and current insurance policy that covers the purchased vehicle."[4] The dealer's responsibility for insurance coverage on the vehicle terminates at that point, even though the dealer has retained the title documents. The dealer then files the certificate of title and application with the county clerk on the buyer's behalf.

The problem arises from the phrasing of the last sentence of KRS 186A.220(5): "*Notwithstanding the provisions of* KRS 186.020, 186A.065, 186A.095, 186A.215 and 186A.300, if a dealer elects to deliver the title documents to the county clerk and has not received a clear certificate of title from a prior owner, the dealer shall retain the documents in his possession until the certificate of title is obtained." The use of the word "notwithstanding" could imply, as Browning Pontiac asserts in this case, that the provisions of KRS 186A.220(5) supercede those set forth in KRS 186A.215, including the promptness requirement of KRS 186A.215(3).

But while this portion of KRS 186A.220(5) is inarticulately phrased, Browning Pontiac focuses too narrowly on the "notwithstanding" language to the exclusion of the rest of the statutory scheme. *Auto Acceptance* and this Court's prior opinion each recognized the 1994 revisions to KRS 186A.220(5) and the exception created for commercial dealers to retain title to the vehicle but not possession. KRS 186A.220(5) protects the dealer from being deemed to be the owner of the vehicle during the period between transfer of possession and filing of the certificate of title and application.

The promptness requirement of KRS 186A.215(3) is consistent with the purpose of KRS 186A.220(5). In fact, Browning Pontiac's interpretation would relieve a dealer of the obligation to promptly file with the county clerk the certificate of title and application. Such a result would be inconsistent with the express purpose of KRS 186A.220(5) to facilitate the transfer of title between automobile dealers and car buyers.

The more logical interpretation of this "notwithstanding" language is that KRS 186A.220(5) only supercedes those portions of KRS 186A.215 which require the seller to deliver the completed certificate of title and application to the buyer upon relinquishing possession of the vehicle and which require the buyer to file these documents with the county clerk. Where the dealer elects to retain possession of those documents and deliver them to the county clerk on the buyer's behalf, it must deliver the documents to the clerk as promptly as possible under the circumstances. Having failed to proffer any valid reason for its failure to make prompt delivery of the documents, Browning Pontiac is deemed to be the owner of the vehicle on the date of the accident.

---

**3.** Ky., 89 S.W.3d 398 (2002).

**4.** *Id.* at 401.